IN THE UNTED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELIJHA NORMAN | ) | |
| | ) | No: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| M. GILHOOLY #113, Village of Dolton police officer, | ) | |
| and the Village of Dolton, | ) | |
| | ) | |
| Defendants. | ) | Jury Demand |

## COMPLAINT

NOW COMES the Plaintiff, ELIJHA NORMAN, (hereinafter referred to as "Plaintiff"), by his undersigned attorneys Melinda Power and Susan Ritacca and complains against Defendants and alleges as follows:

## INTRODUCTION

On August 4, 2017, Defendant Village of Dolton police officer M. Gilhooly, illegally stopped, battered, falsely arrested Plaintiff Elijha Norman as Plaintiff was legally sitting in his car in a park, imprisoned him, and maliciously prosecuted him.

## JURISDICTION

1. The jurisdiction of the Court is invoked pursuant to the following: Civil Rights Act, 42 U.S.C. § 1983, 28 U.S.C. §§ 1331 and 1343(a), supplementary jurisdiction pursuant to 28 U.S.C. § 1367(a) and the Constitution of the United States.

## VENUE

2. The action properly lies in the United States District Court, Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. 1391(b)(2) as this is the judicial district in which the events giving rise to Plaintiff's claims occurred.

## PARTIES

3. The Plaintiff is a resident of Cook County, State of Illinois.

4. Defendant Gilhooly was, at the time of the occurrence, a duly appointed Dolton police officer and engaged in the conduct complained of while he was on duty and in the course and scope of his employment with the Village of Dolton.

5. At all times material to the complaint, Defendant Gilhooly was acting under color of law and of state law, ordinance, and/or regulation. He is sued in his individual capacity.

6. Defendant Village of Dolton is a municipal corporation duly incorporated under the laws of the State of Illinois and was the employer and principal of Defendant Gilhooly at all times relevant to this lawsuit.

## FACTS

7. Plaintiff resided at 1421 N. Austin Blvd., Chicago Illinois at all relevant times germane to this Complaint, including in August 4, 2017.

8. Plaintiff was employed at the time of the incident that is the basis for this Complaint.

9. On August 4, 2017, at about 2:50 pm, Plaintiff was sitting in his legally parked car, in the driver seat with the door partially open, in a park in Dolton; his girlfriend was seated in the front next to him.

10. Plaintiff was visiting his uncles who worked in the park.

11. Officer Williams had been looking for a dark colored car and he radioed to the Dolton Police Department that he had located a dark colored car upon seeing Plaintiff's car.

12. Officer Williams approached one of Plaintiff's uncles, asked who the car belonged to, and the uncle responded "my nephew".

13. Officer Williams next approached the Plaintiff and told him to roll down his window and further open his door, which Plaintiff did.

14. Meanwhile, upon hearing the flash message, Officer Gilhooly drove to the area where Off. Williams was, got out of his car and approached the open driver's side door of Plaintiff's car.

15. Plaintiff and his girlfriend were not doing anything of a suspicious nature, and a Dolton park employee who was standing near the car had explained Plaintiff's presence to Officer Williams., Yet, without justification, Off. Williams ordered Plaintiff out of the car.

16. Plaintiff did not refuse to get out, but, instead, asked the officers, "Why do I have to get out?"

17. Instead of answering him, Defendant Gilhooly ordered Plaintiff out of the car. Again, Plaintiff inquired of the officers why he had to get out of the car.

18. Defendant Gilhooly then reached into the car and grabbed Plaintiff's wrist, battering him in the process.

19. Plaintiff again attempted to determine why Def. Gilhooly grabbed him and ordered him out of the car.

20. Defendant Gilhooly again refused to answer Plaintiff's question, and instead attempted to pull Plaintiff from the car.

21. Another officer, Officer Crudup #131, had arrived at the scene and he, too, reached in the car and roughly grabbed Plaintiff without any explanation.

22. Up to this point, no officer had answered Plaintiff's question or given Plaintiff any explanation as to why he was being ordered out of the car.

23. Defendant Gilhooly, who had his gun drawn, told Plaintiff that if he didn't get out of the car, he would taser him.

24. Plaintiff, believing to be under threat of imminent harm, cooperated with the officers and exited his vehicle.

25. Despite Plaintiff's compliance, Defendant Gilhooly told Plaintiff he was resisting arrest, and then hand cuffed Plaintiff so tightly that Defendant Gilhooly caused Plaintiff pain.

26. Defendant Gilhooly took Plaintiff into custody and arrested him despite the fact that he was breaking no law.

27. As a result of the arrest, Plaintiff was taken to the Dolton police station where he was held in custody until he was released on bond.

28. As a result of the arrest, the Plaintiff was ordered to appear in court on September 6, 2017 in Markham, Illinois.

29. The Plaintiff appeared in court on September 6, 2017 and the Court continued the case until October 13, 2017. Plaintiff missed court since he had the wrong court date, so he advanced and reset the court date for November 14, 2017.

30. On November 14, 2017, Plaintiff appeared in court with a retained attorney.

31. The Court set the case for trial on January 17, 2018.

32. On January 17, 2018, after a bench trial, the Court found Plaintiff not guilty.

33. Prior to arresting Plaintiff, Defendant Gilhooly had a duty to determine whether there was reasonable suspicion to stop Plaintiff and probable cause to justify the arrest, imprisonment and prosecution of Plaintiff.

34. Defendant knew or should have known that the arrest and imprisonment of Plaintiff could only be made based upon probable cause if at the moment the arrest was made, a prudent person would have believed Plaintiff had committed or was committing a crime.

35. Nevertheless, the Defendant Officer arrested and imprisoned Plaintiff despite the lack of probable cause to arrest him; a prudent person would not have believed that Plaintiff had committed or was committing a crime for the reasons set forth above.

36. In addition, Defendant officer directly and proximately caused the false arrest of Plaintiff under color of law and out of malice and/or in reckless disregard of his rights through the conduct and acts set forth above.

37. Defendant Gilhooly knew or should have known that the prosecution of Plaintiff could only be made based upon probable cause if at the arrest and at the time of signing a complaint, a prudent officer has reason to believe a crime was committed.

38. Nevertheless, Defendant caused the commencement or commenced the prosecution of Plaintiff despite the lack of probable cause to arrest him and to bring any criminal charges against him for the reasons set forth above.

39. In addition, Defendant knew or should have known that the official Dolton Police Department reports would be relied upon by the States Attorney's office to support and further the malicious prosecution of Plaintiff.

40. Defendant Gilhooly reported false and incomplete statements and information in official Dolton Police Department reports. The Defendant officer knew that he had no cause to arrest Plaintiff.

41. Defendant acted extremely and outrageously as set forth above.

42. Defendant acted intentionally and/or knowing that there was a high probability that his conduct and actions, as set forth above, would cause emotional distress to Plaintiff.

43. Defendant's actions and conduct, as set forth above, proximately caused and did indeed inflict emotional distress on Plaintiff.

44. As a direct result of the acts and conduct of Defendant, as set forth above, Plaintiff suffered

the above described damages.

45. As a result of Defendant Gilhooly's actions, Plaintiff was forced to retain and pay for an attorney.

## **CLAIM I**

### **(42 U.S.C. § 1983 Claim for False Arrest and Imprisonment)**

46. Plaintiff realleges paragraphs 1-45 with the same force and effect as if fully set forth herein.

47. The actions and conduct of Defendant, as set forth above, in falsely arresting Plaintiff on August 4, 2017 under color of law and without probable cause violated his Fourth Amendment right to be free from unreasonable seizure and Defendant Gilhooly should be held liable for doing so pursuant to 42 U.S.C. § 1983.

48. The actions and conduct of Defendant, as set forth above, were the direct and proximate cause of the violations of Plaintiff's Fourth Amendment rights and caused him emotional distress, fear, anguish, humiliation and loss of liberty as set forth more fully above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands actual or compensatory damages plus the costs of the action and attorneys' fees; in addition, he demands punitive damages because Defendant acted out of malice and/or in reckless disregard of his rights; and, he demands whatever additional relief the Court deems equitable and just.

## **CLAIM II**

### **(Plaintiff's Claim for Excessive Force against Defendant Officer Gilhooly)**

49. Plaintiff realleges paragraphs 1-48 with the same force and effect as if fully set forth herein.

50. The actions and conduct of Defendant Gilhooly, as set forth above, in using a greater amount of force than reasonably necessary on Plaintiff under color of law constitutes excessive force which violated Plaintiff's Fourth Amendment rights and Defendant Gilhooly should be held liable for doing so pursuant to 42 U.S.C. § 1983.

51. The actions and conduct of Defendant Gilhooly, as set forth above, were the direct and proximate cause of the violations of Plaintiff's Fourth Amendment rights and caused the damages as set forth above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands actual or compensatory damages plus the costs of this action and attorney fees from Defendant Gilhooly; in addition, Plaintiff demands punitive damages against Defendant Gilhooly since he acted willfully, wantonly and/or in reckless disregard of Plaintiff's rights; and, whatever additional relief this Honorable Court deems equitable and just.

## CLAIM III
### (42 U.S.C. § 1983 Fourth Amendment Claim for Unlawful Detention)

52. Plaintiff incorporates and re-alleges paragraphs 1-51 as if set forth in their entirety.

53. Defendant Gilhooly, acting under color of law and within the scope of his employment, accused and charged Plaintiff with criminal activity and exerted influence to initiate, continue and perpetuate judicial proceedings against Plaintiff without any probable cause to do so.

54. The Defendant's participation in the prosecution of the Plaintiff, including the preparation of police reports, presenting false information to the State's Attorney, giving false testimony and the failure to repudiate his false arrest of Plaintiff despite the fact the Defendant knew Plaintiff was innocent were all in violation of the Plaintiff's rights secured by the Fourth and Fourteenth Amendments.

55. The Defendant's statements regarding Plaintiff's alleged culpability were made with knowledge that said statements were false and perjured. In so doing, Defendant fabricated evidence and withheld exculpatory information.

56. In so doing, Defendant caused Plaintiff to be subjected improperly to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously due to Defendant's actions or inactions, resulting in injury to the Plaintiff.

57. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice, reckless indifference to the rights of others, and in total disregard of the truth and Plaintiff's clear innocence.

58. As a result of Defendant's misconduct described in this Count, Plaintiff suffered a loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages as set forth above.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, costs, and such other and additional relief that this Court deems equitable and just.

## CLAIM IV
### (Pendent State False Detention, Arrest and Imprisonment Claim Against the Individual Defendant)

59. Plaintiff realleges paragraphs 1 – 58 with the same force and effect as if fully set forth herein.

60. Defendant willfully and wantonly caused to be or falsely detained, arrested and imprisoned the Plaintiff on August 4, 2017.

61. Defendant's actions directly and proximately caused Plaintiff's injuries and emotional distress as claimed above and constitute the tort of false arrest and imprisonment under Illinois law.

WHEREFORE, Plaintiff demands actual or compensatory damages plus the costs of the action and attorneys' fees; in addition, he demands punitive damages because Defendant acted

out of malice and/or and in reckless disregard of his rights; and, he demands whatever additional relief the Court deems equitable and just.

## CLAIM V

### (Pendent State Claim for Battery)

62. Plaintiff realleges paragraphs 1 – 61 with the same force and effect as if fully set forth herein.

63. The acts of Defendant in grabbing and pulling Plaintiff and in applying the handcuffs too tightly on Plaintiff's wrists were performed in a willful and wanton manner.

64. Defendant's actions were affirmative and caused an unpermitted physical conduct of a harmful and/or offensive nature, to which Plaintiff did not consent, and thus constitute battery under the laws of the State of Illinois.

65. Defendant Gilhooly's actions were the cause of the physical pain suffered by Plaintiff.

WHEREFORE, Plaintiff demands actual or compensatory damages plus the costs of the action and attorneys' fees; in addition, he demands punitive damages because Defendant acted willfully and wantonly in disregard of his rights; and, he demands whatever additional relief the Court deems equitable and just.

## CLAIM VI

### (745 ILCS 10/9-102 Claim Against Defendant Village of Dolton)

66. Plaintiff realleges paragraphs 1 – 65 with the same force and effect as if fully set forth herein.

67. Defendant Village of Dolton was the employer of Defendant at all times relevant to the complaint.

68. Defendant committed the acts alleged above under color of law and in the scope of his employment as employee of the Village of Dolton.

WHEREFORE, Plaintiff, pursuant to 745 ILCS 10/9-102, demands judgment against the Defendant Village of Dolton in the amount awarded to him against Defendant as

damages, attorneys' fees, costs and interest and/or for any settlement entered into between him and Defendant and for whatever additional relief the Court deems equitable and just.

PLAINTIFF DEMANDS TRIAL BY A JURY.

Dated: July   , 2018

Submitted by:

/s/ Melinda Power
Melinda Power
West Town Community Law Office
2502 W. Division, Chicago, Illinois 60622
Tel: 773/278-6706     Fax: 773/278-0635

/s/Susan Ritacca
Susan Ritacca Law Office
601 S California Ave
Chicago, Il 60612
T: 872-222-6960 / F: 872-228-9463